Douglas R. Ricks, OSB No. 044026
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: dricks@sussmanshank.com

Proposed Counsel for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Fairway America, LLC,<br><br>            Debtor-in-Possession. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-32378-thp11<br>(Joint Administration Pending) |
| In re<br><br>Fairway America Management Group II LLC,<br><br>            Debtor-in-Possession. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-32379-thp11<br>(Joint Administration Pending)<br><br>APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP) |

Debtors[1], Fairway America, LLC ("**Fairway America**") and Fairway America Management Group II LLC ("**Fairway America Management Group**") hereby move this Court for entry of an order authorizing the Debtors to employ Sussman Shank LLP ("**Sussman Shank**") to represent them as their general bankruptcy counsel.  In support of this application (the "**Application**"), the Debtors respectfully represent as follows:

---

[1] "**Debtors**" means collectively the two entities designated as a debtor in the above-captioned cases (each a "**Debtor**") that filed voluntary petitions for relief on July 8, 2026 in the United States Bankruptcy Court for the District of Oregon.

**Page 1 of 3** - APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

**JURISDICTION AND VENUE**

1. On July 8, 2026 (the "**Petition Date**"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 USC §§ 1107 and 1108, the Debtors continue to operate and manage their business as Debtors-in-Possession.

2. This Court has jurisdiction over this matter under 28 USC §§ 157 and 1334. Venue of this case is properly in this district under 28 USC §§ 1408 and 1409. This matter is a core proceeding under 28 USC § 157(b). The statutory bases for the relief requested are § 327 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2014, and LBR 2014-1.

**BACKGROUND**

3. The Debtors selected Sussman Shank as counsel because of Sussman Shank's extensive experience in representing Chapter 11 debtors. The Debtors believe Sussman Shank to be well-qualified to represent them and provided informed consent to Sussman Shank to represent them.

4. The professional services Sussman Shank is expected to provide include, without limitation, providing the Debtors with advice on its duties and responsibilities as Debtors-in-Possession, preparing and filing schedules, defending motions for relief from stay, analysis and objections to claims, formulation and approval of a plan of reorganization, negotiations with creditors and other parties in interest, pursuing avoidable transfer actions, and all other matters requiring legal representation of the Debtors in these chapter 11 cases.

5. To the best of Sussman Shank's knowledge, Sussman Shank is not a creditor of any of the Debtors and has no interest adverse to the Debtors or the estate on any of the matters upon which it is to be engaged, is a disinterested person as defined in 11 USC § 101(14), and its employment would be in the best interest of the estates.

6. Prior to the Petition Date, Debtors paid Sussman Shank a total of $69,237.37 of which $10,000 is held as a retainer. This retainer will be applied to post-petition fees and expenses

**Page 2 of 3** - APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

subject to application and approval of the Court. Specifically, pursuant to 11 USC § 328, Sussman Shank may have its retainer refreshed in full upon exhaustion of the funds so held as part of its application and approval of its fees and expenses.

7.    Moreover, pursuant to 11 USC § 328, Sussman Shank may apportion its fees between the Debtors without the need for segregation of its billings as follows: 70% to Fairway America and 30% to Fairway America Management Group. This allocation is based on the reasonable expectation of the work to be performed for each Debtor but may be re-allocated or otherwise modified by the Court in the manner described in 11 USC § 328(a). Expenses will be tracked specifically to each Debtor and segregated accordingly.

8.    To the best of Sussman Shank's knowledge, Sussman Shank has no connection with the Debtors, creditors, or any party in interest or their respective attorneys or accountants, except as disclosed in this Application and as may be set forth on the Rule 2014 Verified Statement filed herewith.

WHEREFORE, the Debtors respectfully request entry of the proposed order granting the relief requested herein, and such other and further relief as the court may deem just and appropriate. A proposed order is attached hereto as Exhibit 1.

DATED this 9th day of July, 2026.


*/s/ Matthew Burk*
By _____
Manager for Fairway America, LLC


*/s/ Matthew Burk*
By _____ _____
Manager for Fairway America Management Group II LLC


**28204-001 (05203431)**


**Page 3 of 3** - APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 26-32378-thp11 |
| | ) (Joint Administration Pending) |
| Fairway America, LLC, | ) |
| | ) |
| Debtor-in-Possession. | ) |
| | ) |
| In re | ) Case No. 26-32379-thp11 |
| | ) (Joint Administration Pending) |
| Fairway America Management Group II LLC, | ) |
| | ) |
| Debtor-in-Possession. | ) ORDER GRANTING APPLICATION TO |
| | ) EMPLOY COUNSEL FOR DEBTORS-IN- |
| | ) POSSESSION FAIRWAY AMERICA, LLC, |
| | ) FAIRWAY AMERICA MANAGEMENT |
| | ) GROUP II LLC (Sussman Shank LLP) |

This matter came before the Court on Debtors Fairway America, LLC ("**Fairway America**") and Fairway America Management Group II LLC's ("**Fairway America Management Group**") Application to Employ Sussman Shank LLP ("**Sussman Shank**") to represent them as their general bankruptcy counsel. Based upon the foregoing, and the record herein, and the Court having found that good cause exists to approve the Application, it is

//

**Page 1 of 2** - ORDER GRANTING APPLICATION TO EMPLOY COUNSEL FOR DEBTORS-IN-POSSESSION (Sussman Shank LLP)

Exhibit 1 - Page 1 of 2

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

ORDERED:

1.    The Debtors-in-Possession Fairway America, LLC and Fairway America Management Group II LLC are authorized to employ Sussman Shank LLP effective as of the Petition Date;

2.    The Debtors-in-Possession are authorized to take such further actions as may be necessary or appropriate to effectuate the terms of this order; and

3.    This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this order.

### #

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/*

Douglas R. Ricks, OSB No. 044026
dricks@sussmanshank.com
Attorneys for Debtors-in-Possession

c:  ECF Participants

**Page 2 of 2** - ORDER GRANTING APPLICATION TO EMPLOY COUNSEL FOR DEBTORS-IN-POSSESSION (Sussman Shank LLP)

Exhibit 1 - Page 2 of 2

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____
Amended

**VERIFIED STATEMENT IN SUPPORT OF
EMPLOYMENT APPLICATION**

Debtor

*Instructions to filer:* This statement must be completed by each person proposed to be employed in a chapter 11 case under 11 U.S.C. § 327, 1103, or 1107. If the application also seeks approval of employment of my firm, this form must be completed and signed on behalf of the firm by the member, associate, or employee of the firm who is expected to be primarily responsible for the engagement. If the firm is a law firm proposed to provide services in the case or an associated adversary proceeding, this form must be completed on behalf of the firm by the attorney of record. Any amended statement must include "Amended" in the title, be complete, and clearly identify changes from the previous filed version. Italicized text below constitutes further instructions.

I, _____, make this statement in support of the application for approval of my employment by [*enter name of proposed employer, for example, name of debtor in possession, trustee, or creditors committee*] _____ (employer). If the application also seeks approval of employment of my firm, I make this statement on behalf of myself, my firm, and each other member, associate, or employee of my firm whom I expect to perform services for the employer in or in connection with this case, and each statement below is on behalf of each of those persons. Otherwise, paragraphs 2.3 and 2.5 below do not apply to this statement.

## 1. Disinterestedness

1.1.  I am not a creditor of the debtor except:

1.2.  I am not an equity security holder of the debtor.

1.3.  I am not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

1.4.  I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

**2.  Insider status**

2.1.  I am not a relative of the individual debtor [*"Relative" means an individual related by affinity or consanguinity within the third degree as determined by the common law or individual in a step or adoptive relationship within that third degree.*]

2.2.  I am not a relative of an individual general partner of the debtor.

2.3.  My firm is not a partnership in which the debtor is a general partner.

2.4.  I am not a general partner of or in the debtor.

2.5.  My firm is not a corporation of which the debtor is a director, officer, or person in control. [*"Corporation" has the meaning in 11 U.S.C. § 101(9) and includes limited liability company but not limited partnership.*]

2.6.  I am not an officer or director of the debtor.

2.7.  I am not a person in control of the debtor.

2.8.  I am not a relative of a general partner, director, officer, or person in control of the debtor.

2.9.  If the debtor is a municipality, I am not an elected official of the debtor or a relative of an elected official of the debtor.

2.10.  I am not a managing agent of the debtor.

**3.  Affiliates of the debtor** [*If the debtor has no affiliates, the affiliates list should say "None." In the balance of this statement, "affiliate" means an affiliate on the affiliates list below.*]

3.1.  If I am an attorney proposed for employment as general bankruptcy counsel for the trustee or chapter 11 debtor in possession, the trustee or debtor in possession has with my advice prepared the list below of the debtor's affiliates, as that term is defined in 11 U.S.C. § 101(2), including each affiliate's name and relationship to the debtor.

3.2.  If I am not an attorney described in paragraph 3.1 above, I have obtained from the trustee, chapter 11 debtor in possession, or the general bankruptcy counsel for the trustee or debtor in possession the list below of the debtor's affiliates, prepared in accordance with paragraph 3.1 above.

3.3.  I am not an affiliate or an insider of an affiliate as if such affiliate were the debtor. [*"Insider" includes persons and other entities having a relation to the debtor listed in part 2 above.*]

**4. Employment by chapter 11 committee**

If I am proposed to be employed by a chapter 11 committee of creditors, equity-security holders, or retirees, I do not represent any other entity having an adverse interest in connection with the case.

**5. Connections**

I have no business, professional, personal, financial, or other connections with the debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee, or the judge except:

**6. Compensation**

6.1.    If I am an attorney representing the debtor in or in connection with this case, the following are the details of all compensation paid or agreed to be paid to me within one year before the petition date for services rendered or to be rendered in contemplation of or in connection with this case, including payments made to me by either the debtor or a third party for any services rendered to the debtor within one year before filing of the petition:

6.2.    If I am proposed to be employed by the trustee or, in a chapter 11 case, by the debtor in possession or a committee of creditors, equity-security holders, or retirees, I do not represent or hold an interest adverse to the interest of the estate with respect to the matter on which I am proposed to be employed.

If, during this case, any of the above statements ceases to be correct because of events occurring or information that I gain after the petition date, I agree to immediately file an amended statement on this form, include "amended" in the title, and clearly identify any changes.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature of individual proposed to be employed

_____
Printed name of signer

_____
Address (including firm name, if applicable)

_____

_____

---

## LIST OF AFFILIATES OF THE DEBTOR
*See instructions in paragraph 3 above.*

| Name of Affiliate | Relationship of Affiliate to the Debtor |
|---|---|
|  |  |

**VERIFIED STATEMENT IN SUPPORT OF EMPLOYMENT APPLICATION**
**CONTINUATION SHEET**

**5. Connections**

Sussman Shank LLP has represented Gary Rood, Christine Rood, and the Rood Family Trust (collectively, "**Rood**"), potential creditors and parties in interest in this case. The representation of Rood was unrelated to the Debtors in this case. The factual and legal issues related to the Rood representation are unrelated to the work Sussman Shank LLP has done or anticipates doing for the Debtors. Rood and the Debtors were informed of both representations and both gave their written consent.

The spouse of Douglas R. Ricks is a current employee of the State of Oregon. The State of Oregon and its respective agencies is a potential creditor and party in interest in this case.

Attorneys and staff at Sussman Shank may have social or other professional relationships with judges, clerks, and/or staff of the United States Bankruptcy Court for the District or Oregon employees of the office of the United States Trustee, or other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest. Other than with respect to the judges (and respective chambers) of the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, Sussman Shank has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities, or familial connections in preparing this statement.

**6.1 Compensation Paid or Agreed to be Paid**

| Date | Payment Amount | Purpose |
|---|---|---|
| 04/13/2026 | $2,378.98 | Payment on account for Prepetition Fees and Costs |
| 06/24/2026 | 16,858.39 | Payment on account for Prepetition Fees and Costs |
| 07/08/2026 | $30,000.00 | $20,000 payment for Prepetition Fees and Costs; $10,000 remains in Retainer for Postpetition Fees and Costs |
| | | |

**CONTINUED LIST OF AFFILIATES OF THE DEBTOR**

| Name of Affiliate | Relationship of Affiliate to the Debtor |
|---|---|
| | |
| | |
| | |
| | |
| | |