Douglas R. Ricks, OSB No. 044026
Joshua G. Flood, OSB No.
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: dricks@sussmanshank.com
        jflood@sussmanshank.com

Proposed Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 26-32378-thp11 |
| Fairway America, LLC, | |
| Debtor-in-Possession. | |
| and | Case No. 26-32379-thp11 |
| Fairway America Management Group II LLC, | DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS |
| Debtor-in-Possession. | |

I, Eric Camm, hereby declare:

1.      I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtors.[1] I am the Director and President of Capital Advisory of TurningPointe, LLC dba Turning Point Strategic Advisors ("**Turning Point**"). On May 5, 2026, I was retained as the Chief Restructuring Officer for Fairway America, LLC ("**Fairway America**"). As part of my engagement with Fairway America, I have also become familiar with its subsidiary, Fairway

---

[1] "**Debtors**" means collectively the two entities designated as a debtor in the above-captioned cases (each a "**Debtor**") that filed voluntary petitions for relief on July 8, 2026 in the United States Bankruptcy Court for the District of Oregon. The Debtors will file a motion to have their cases jointly administered with the Fairway America, LLC case being designated as the lead case.

**Page 1 of 5** - DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS

America Management Group II LLC ("**FAMG II**"). I make this declaration based on my own personal knowledge, except as otherwise stated. If called upon, I would testify competently to the facts set forth herein.

2.     I submit this declaration in support of the (a) Debtors' Motion for Joint Administration (the "**Administration Motion**"), (b) Debtors' Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral (the "**Cash Collateral Motion**"), (c) Debtors' Motion for Entry of Order to Pay Certain Payroll Related Expenses (the "**Payroll Motion**"), and (d) Debtors' Motion for Order Authorizing Continued Use and Maintenance of Existing Bank Accounts and Business Forms (the "**Banking Motion**") (collectively, the "**First Day Motions**").[2]

3.     I am generally familiar with the Debtors' operations, books and records, and financial status.

4.     I am familiar with the First Day Motions and believe that the relief requested is necessary to enable the Debtors to operate with minimal disruption and is critical to enable the Debtors to continue to operate in the ordinary course of business. The relief requested in the First Day Motions is in the best interest of the Debtors' estates and their creditors.

## JOINT ADMINISTRATION MOTION

5.     The Debtors are affiliates under 11 U.S.C. §101(2)(B) ("corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote … by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor") because Fairway America owns 70% of FAMG II.

## CASH COLLATERAL MOTION

6.     Approximately sixty-four of the Debtors' investors assert claims secured by substantially all of Fairway America's assets pursuant to various investment agreements, loan

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Motions.

**Page 2 of 5** - DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS

agreements, notes, security agreements, and other documents, securing total obligations in the amount of $11,161,803.86 as of the Petition Date. One such investor asserts an additional claim secured only by particular assets of Fairway America, namely a $588,184.74 claim secured by certain membership units owned by Fairway America in other entities.

7.    The majority of the liens in all assets are purported to be perfected by three UCC-1 financing statements filed on May 6, 2024, November 18, 2024, and March 26, 2025 with the Oregon Secretary of State naming Fairway America as the debtor and describing the collateral as all assets of Fairway America (the "**Collateral**"). Two of the UCC-1s list the creditor as an entity for or on the behalf of either "all FDO III noteholders" or "all FDO IV Noteholders." The third lists the creditor as Matthew Capital Management Company. A portion of the claimed security interests in all assets do not appear to have an associated UCC-1 filing.

8.    Based on the information available from Fairway America, he estimated value of the Collateral is approximately $5,521,505.73 as of the Petition Date.

9.    To the best of my knowledge and based on the information available from Fairway America, no statutory liens have been filed against the Debtors (and any liens previously filed have been satisfied). The Debtors have not further evaluated the extent or validity of any such liens.

10.    I believe that the Secured Creditors are the only creditors that have or may claim an interest in Fairway America's existing cash collateral and in Fairway America's accounts, payment intangibles, and other assets that will be used and collected by Fairway America postpetition in the ordinary course of business to generate additional cash collateral.

11.    The Debtors require continued use of cash collateral to operate and maintain their business and preserve the value of their bankruptcy estates. Without the use of cash collateral, Fairway America will not have the funds necessary to pay the ordinary expenses, including, wages and other payroll expenses, insurance, and taxes for operation of its business. Accordingly, to preserve their value as a going concern, Fairway America require the ongoing use of cash collateral.

**Page 3 of 5** - DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS

12. If Fairway America is unable to use cash collateral it would result in the immediate shut down of the Debtors' business which, in turn, would drastically reduce the value of the Debtors' collateral.

13. The Debtors estimate that Fairway America will need to use approximately $171,187 in cash collateral on an interim basis if a final hearing can be scheduled before the end of July, 2026. As shown on the Budget, these expenses overwhelmingly represent payroll and taxes that are critical to Fairway America's operations. Absent the ability to use cash collateral, the Debtors would be unable to pay these expenses and would be forced to immediately cease operations. Such a result would be detrimental to the Debtors' creditors and their estates.

**PAYROLL MOTION**

14. The Debtors' employees are paid every two weeks for work performed during the prior two-week period. The Debtors utilize Paylocity as a payroll service provider. As of the petition date, the Debtors have not accrued amounts owed to Paylocity. The Debtors have accrued but not paid prepetition employee wage and salary obligations in the total gross amount of $24,861.54 for four employees. That amount includes withholding for employee paid taxes and retirement contributions as well as employer paid taxes and insurance contributions.

15. The Debtors estimate that their employee wage and salary obligations for the next pay period will be approximately $32,769.

16. Included in the payroll amounts described above are funds withheld by the Debtors for the benefit of third parties. Specifically, the Debtors, withhold taxes, deductions, and other withholdings from the wages and salaries of its employees, as required by federal, state, and local laws, and the Debtors transfer such withheld funds to the appropriate government agencies, according to pre-set payment schedules.

17. The Debtor anticipates that, as of the Petition Date, it had withheld, but not yet transferred, taxes, deductions, other withholdings, and all payroll withholdings of the nature described above in the aggregate amount of approximately $955.23.

**Page 4 of 5** - DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS

18.    The Debtors' employees were eligible to participate in a retirement plan (the "**Retirement Plan**").  Under the Retirement Plan, the Debtors withhold, at each participating employee's request, pre-tax pay for contribution to the Retirement Plan, up to the limits set by the Internal Revenue Service, and these contributions are fully vested immediately.  The Debtors have withheld, but not yet transferred, employee contributions in the aggregate amount of $1,343.78 (the "**Retirement Contributions**").

**BANKING MOTION**

19.    Prior to the Petition Date, the Debtors held multiple checking accounts at BMO Bank N.A., a federally insured deposit institution (the "**Accounts**").

20.    The approximate amount in the Accounts as of the petition date is $132,651.70. Of that amount, $122,825.89 is in a trust account (the "**Trust Account**"), the funds in which are held in trust for entities which have estimated liabilities for taxes and other expenses directly related to the entity. The amount on deposit from the Debtors in the Accounts is not expected to exceed the limits available for insurance coverage from the FDIC.

**APPLICATION TO EMPLOY TURNING POINT STRATEGIC ADVISORS**

21.    Turning Point has provided financial advisory services to over 600 companies since 2009. I am a Certified Turnaround Professional. I lead Turning Point's Turnaround and Restructuring Group and have extensive experience with restructuring, bankruptcies, and receiverships.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury.

Dated this 9th day of July, 2026.


By /s/ Eric Camm
Eric Camm, Declarant


**Page 5 of 5** - DECLARATION OF ERIC CAMM IN SUPPORT OF DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS